1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH CHURCH, individually and on behalf
of all others similarly situated,

                              Plaintiff,

      v.

EXPEDIA, INC., EAN.COM, LP,
TRAVELSCAPE, LLC and HOTELS.COM
L.P.,

                           Defendants.

No. 18-cv-01812

CLASS ACTION COMPLAINT

**JURY TRIAL DEMANDED**



**TABLE OF CONTENTS**

<u>Page</u>

I. INTRODUCTION ...................................................................................................1

II. JURISDICTION AND VENUE .............................................................................3

III. PARTIES ................................................................................................................4

IV. STATEMENT OF FACTS .....................................................................................5

  A. Expedia, not Reservations.com, determines the amount of the "Taxes & Fees," and collects that amount directly from Reservations.com's customers. ..............................................................5

  B. Plaintiff's experience .................................................................................9

  C. The Tax Overcharge practice occurs throughout the United States. .....................10

V. CLASS ALLEGATIONS ......................................................................................12

COUNT I VIOLATION OF 18 U.S.C. § 1962(C)–(D): THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") ..........................14

   1. The Tax Fraud Enterprise .............................................................15

   2. Mail and Wire Fraud ....................................................................18

COUNT II (CONVERSION AND MISAPPROPRIATION) ......................................22

COUNT III..................................................................................................................23

(UNJUST ENRICHMENT)........................................................................................23

COUNT IV..................................................................................................................23

(CONSTRUCTIVE TRUST)......................................................................................23

REQUEST FOR RELIEF ...........................................................................................24

JURY DEMAND ........................................................................................................24



Plaintiff Joseph Church brings this action on behalf of himself and all others similarly situated, and states as follows:

## I.      INTRODUCTION

1.      At a time where almost everyone is connected to the internet, millions of consumers book hotel rooms online.  They do so primarily for convenience and in order to shop for the best price.

2.      One online booking company is Reservations.com.  Reservations.com differs from more traditional online travel companies in that it does not have any direct contractual interaction with hotels; instead, Reservations.com obtains all of its hotel room inventory from Defendant Expedia, Inc., and its subsidiaries, including Defendants EAN.com, LP ("EAN"), Travelscape, LLC, and Hotels.com L.P., as well as other third-party suppliers.

3.      Defendants obtain hotel room inventory through "merchant model" contracts with hotels which give Defendants the right to sell room reservations at retail rates generally set by Defendants.  Defendants pay the hotels a wholesale (or "net") rate, and then typically remit taxes on that net rate to the hotels after the hotel stay is complete.  Defendants profit from the markup on the room, and a "service fee" that is part of the bundled "Taxes & Fees" Defendants charge when they sell reservations on their own websites.

4.      When a consumer uses Reservations.com's website or call center to purchase a room reservation that comes from Defendants' inventory, the consumer pays a "Service Fee" of $14.99 per room to Reservations.com, and a nightly "Tax Recovery Charges & Fees" amount to Defendants (at various times, this amount has been labeled "Taxes & Fees," "Tax & Fees," and "Tax").  The "Taxes & Fees" are represented to be monies "the hotels must pay to the government," and even without this representation a reasonable consumer would understand "Taxes & Fees" to be monies owed to the government.  When Reservations.com sells a room reservation that comes from Defendants' inventory, the consumer's credit card is charged $14.99 by Reservations.com, and the balance—the room charge plus the "Taxes & Fees" charge—by Defendants.

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

5.      Plaintiff's complaint focuses exclusively on the falsely-inflated "Taxes & Fees" or "Tax" charges collected by Defendants.  The $14.99 per room "Service Fee" charged by Reservations.com is not at issue in this litigation.

6.      Contrary to Reservations.com's representations and/or the expectations of consumers, the "Taxes & Fees" charged by Defendants are not the actual taxes and fees remitted to governmental authorities but contain additional amounts surreptitiously added by Defendants (the "tax overcharge").  For example, Reservations.com showed a room rate of $159 and "Tax Recovery Charges & Fees" of $50.88 for a reservation at the W Hotel in Seattle for November 22-24, 2018.  The real total state and local Seattle tax for a Seattle hotel room is 15.6%, plus $2 per night, so the total "Taxes & Fees" on this room should have been $27, and not $50.88 as listed.  On information and belief, the tax overcharge was even higher because Defendants generally remit taxes only on the discounted "net rate" that they pay for hotel rooms, and not on the full retail room rate consumers pay for the rooms.

7.      By way of further example, a room for November 23-24, 2018, at the Ritz Carlton San Francisco had a quoted room rate through Reservations.com of $399 and "Tax Recovery Charges & Fees" of $87.59.  The effective hotel tax rate in San Francisco is 18.6%, so the tax charge on the full room rate should be $74, not $87.59, making the tax overcharge at least $13.59 per night.  On information and belief, the actual tax overcharge is higher, since Defendants generally remit taxes only on the discounted "net rate" they pay the hotel for the room.

8.      This tax overcharge practice is not of recent origin.  For example, a room booked through Reservations.com in 2017 at the Hyatt Regency Orlando cost $518.30 for the room and $108.63 for "Taxes & Fees." The actual tax owed to Orlando was $69.97 (at the governing 13.5% rate) and hence, at a minimum, $38.71 was apparently a secret tax overcharge.

9.      Reservations.com does not pay taxes to local governments on the hotel rooms booked through its website.  Rather, the room rates and "Taxes & Fees" are fields populated on the Reservations.com website by Defendants.  At the time of booking, Defendants collect the "Taxes & Fees" charge directly from Reservations.com's customers, and Defendants later remit

1    the applicable taxes and fees to either the hotels or—in some jurisdictions—directly to the

2    government.

3        10.    As part of the tax overcharge scheme, Defendants unlawfully collect and retain

4    the "Taxes & Fees" overcharge.

5        11.    This case thus seeks to collect and return the secret overpayment of "Taxes &

6    Fees" to Defendants unwittingly made by Reservations.com's customers.

7        12.    Plaintiff brings this action on behalf of a nationwide class of all similarly situated

8    individuals and entities who have booked and paid for hotel rooms obtained through Defendants

9    using Reservations.com's website and call centers.  Reservations.com represents that 4 million

10   rooms have been booked through its website.  If one takes the overcharge of $23.88 on the room

11   at the W hotel and multiplies it by 4 million, Defendants have collected at a minimum over

12   $95 million dollars in unlawful "tax" charges.  No one consumer would sue over $23.88 making

13   the use of the class action rule an appropriate vehicle to right this wrong.

14                    **II.    JURISDICTION AND VENUE**

15       13.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331

16   because Plaintiff's claims arise under the RICO Act, 18 U.S.C. § 1962. The Court also has

17   diversity jurisdiction because Plaintiff and Defendants reside in different states. The Court has

18   supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

19       14.    The Court also has subject matter jurisdiction over this action pursuant to the

20   Class Action Fairness Act of 2005, *as enacted at* 28 U.S.C. § 1332(d), because at least one Class

21   member is of diverse citizenship from the Defendants, there are more than 100 Class members,

22   and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.

23       15.    Venue is proper in this District under 28 U.S.C. § 1391 because: (1) Expedia and

24   its subsidiaries conduct substantial business in this District and have intentionally availed

25   themselves of the laws and markets of the United States and this District; and/or (2) many of the

26   acts and transactions giving rise to this action occurred in this District, including, *inter alia*,

27   Expedia's collection of the tax overpayments in this District, and, on information and belief,

28   Expedia's direction of the fraudulent scheme was spearheaded in this District. Venue is also

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1   proper under 18 U.S.C. § 1965(a) because Expedia and its subsidiaries reside in, are found in,

2   have agents in, and/or transact their affairs in this District.

### III.   PARTIES

4   16.   Plaintiff Joseph Church is a resident of Charleston County, South Carolina, and as

5   described below purchased a hotel room online through the Reservations.com website.

6   17.   Defendant Expedia, Inc. ("Expedia") is a publicly-traded online travel company

7   headquartered in Bellevue, Washington.

8   18.   Defendant EAN.com, LP ("EAN") is a Delaware limited partnership

9   headquartered in Dallas, Texas, that operates as Expedia Affiliate Networks.  A subsidiary of

10   Expedia, EAN contracts with third-party travel companies, including Reservations.com, to

11   provide the third parties with hotel room inventory obtained through separate agreements

12   between Expedia and the hotels. The third-party company (here, Reservations.com) hosts the

13   website, does its own marketing of its services, and earns a commission on the transaction (here,

14   in the form of a $14.99 charge per room per night).

15   19.   Defendant Travelscape, LLC is an Expedia subsidiary headquartered in Las

16   Vegas, Nevada, that does business as Expedia Travel.  Travelscape contracts with hotel

17   properties for room inventory at wholesale prices; on information and belief, that inventory is

18   offered to consumers through multiple channels, including Expedia websites (such as

19   expedia.com and hotels.com), as well as third-party websites such as reservations.com.

20   Travelscape administers payments for reservations made through third-party hotel reservation

21   suppliers that contract with EAN, including Reservations.com.

22   20.   Defendant Hotels.com L.P. is an Expedia subsidiary headquartered in Dallas,

23   Texas.  In addition to offering hotel reservations and other travel products on its own website, on

24   information and belief it also provides room inventory to Reservations.com and/or collects

25   monies paid for room reservations sold by Reservations.com, as evidenced by the fact that a

26   Hotels.com phone number was listed on the credit card bill for Plaintiff's Reservations.com

27   booking.

28



## IV.   STATEMENT OF FACTS

**A.   Expedia, not Reservations.com, determines the amount of the "Taxes & Fees," and collects that amount directly from Reservations.com's customers.**

21.     Reservations.com claims to offer bookings at 250,000 hotels around the world through its website and call centers.  The Reservations.com website came online in April of 2014, and the website now boasts that Reservations.com has booked "4 million room nights" for its customers.

22.     All the hotel rooms listed on Reservations.com are provided by Expedia subsidiaries (including EAN, Travelscape, and Hotels.com) and other third-party suppliers.

23.     Reservations.com does not contract with hotels directly.  Instead, EAN and other third-party suppliers coordinate Reservations.com customers' bookings with the hotels, collect the room rate and the "Taxes & Fees," and remit some of these monies to the hotels and, sometimes, directly to governmental taxing authorities.  Reservations.com is not involved in the "Taxes & Fees" collection and remission process.

24.     Sunil Bhatt, one of the co-founders of Reservations.com, was the Vice-President and General Manager of EAN from 2009 until June of 2011.   Mr. Bhatt served as CEO of Reservations.com from June 2014 until July of 2015.

25.     Reservations.com indicates on its website that it has a "partnership" with Expedia. On information and belief, Expedia has provided Reservations.com with a significant portion of the 4 million room nights sold on the Reservations.com website.

26.     So close is the relationship between Reservations.com and Expedia that Expedia operated a call center for Reservations.com from April 2014 until April of 2017.

27.     Expedia sells hotel reservations through many different channels, including its own websites (most notably, expedia.com., hotels.com, orbitz.com, travelocity.com, and hotwire.com), and through EAN, which Expedia describes as its "purely partner-focused arm." EAN provides room inventory to other online retailers, including Reservations.com.

28.     Expedia obtains room inventory for Reservations.com and its own websites using the so-called "merchant model."  Under this model, Expedia (often through its subsidiary,



Travelscape) acquires contractual rights from hotels to sell room reservations through its websites and call centers. The hotels agree to provide the rooms to Expedia at wholesale (or "net") rates. Expedia sells the rooms at marked-up retail rates. When it sells room reservations on its own websites, Expedia charges purchasers the retail rate, plus a bundled "Taxes & Fees" charge. Expedia collects full payment for the room and all associated charges at the time the purchasers make their reservations.

29.     When prepaid hotels are booked through Reservations.com using Expedia's inventory, Expedia is the "merchant of record" on the consumer's credit card for the room and "Taxes & Fees" charges—not Reservations.com and not the hotels. At the time of booking, the consumer pays Expedia for the room and the "Taxes & Fees" charge, and pays Reservations.com its flat $14.99 "service fee."

30.     When a customer uses the Reservations.com website to book a hotel room, full payment is charged to the customer's credit card immediately upon booking the room, just as in all of Expedia's merchant model transactions. On the Reservations.com website, the charges are broken into three categories: a "Room Subtotal," the "Tax Recovery Charges & Fees," (previously, "Taxes & Fees" or "Tax & Fees" or "Tax") and the "Service Fee."

31.     The "Room Subtotal" is the base retail room charge excluding taxes and fees.

32.     The "Service Fee" is a flat $14.99 fee per room per night for each booking made on the Reservations.com website charged "in exchange for the services [Reservations.com] provide[s] in facilitating [the] transaction with the hotel supplier." The "Service Fee" is processed as a separate charge on the customer's credit card by Reservations.com.

33.     At times, Reservations.com has represented that the "Taxes & Fees" are ostensibly charged for the taxes, fees, and other charges that must be paid to the government:

> The taxes are tax recovery charges we pay to our vendors. We retain our service fees and compensation in servicing your travel reservation. *Amounts displayed in the Taxes and Fees line for prepaid hotel transactions include an estimated amount we expect the hotel to bill for applicable taxes, government fees, and other charges that the hotels must pay to the government.* Please note that you may also incur other charges that we do not collect and are not included in the quotes price, such as hotel resort fees, hotel energy surcharges, parking fees, pet fees, and incidental charges.

CLASS ACTION COMPLAINT
Case No. 18-cv-01812
010787-11 1085823 V1

- 6 -

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

> These amounts will be collected from you directly by the hotel
> unless otherwise indicated on the site.

(emphasis added).

34. Even if not expressly stated as above, a reasonable consumer would expect that amounts collected as "Taxes & Fees" would be the amounts imposed by taxing authorities. Indeed, the common understanding of hotel tax is conveyed in the following definition:

**What is Occupancy Tax?**

> Occupancy tax is a tax on the rental of rooms that your state or locality may require. In many places this is known as an occupancy tax, but may also be known as a lodging tax, a room tax, a sales tax, a tourist tax, or a hotel tax.

> Occupancy tax rates and rules vary by city, county, state, and country. They're generally owed on the accommodations price plus any fees for other items, like cleanings or extra guests. In some places, occupancy tax is required on a per person, per night basis. There are typically long-term stay exceptions that exempt reservations over a certain number of nights. Occupancy tax is generally paid by the guest, but the obligation to remit the taxes to the government usually falls on the host. We expect all hosts to familiarize themselves with and follow their local laws and regulations.[1]

35. The "Taxes & Fees" charge, bundled together with the room rate, appear on the customer's credit card as a charge to Expedia.

36. Reservations.com does not remit hotel taxes and fees in any jurisdiction because the room rates and "Taxes & Fees" charged on the Reservations.com website are pass-through line items established and collected by Expedia. Expedia then remits the applicable taxes and fees to either the hotels or, in some jurisdictions, to the government.

37. Expedia appears to charge substantially less for "Taxes & Fees" for room reservations on its own website than it does for reservations it sells on the Reservations.com website. For example, the expedia.com website on November 29, 2018, listed "Taxes & Fees" of $29.92 on a $179 hotel room at the W Seattle hotel for the night of December 17, 2018. In stark

---

[1] AirBnB, *What is occupancy tax? Do I need to collect or pay it?*, available at https://www.airbnb.com/help/article/654/what-is-occupancy-tax--do-i-need-to-collect-or-pay-it (last accessed Dec. 14, 2018).

CLASS ACTION COMPLAINT
Case No. 18-cv-01812
010787-11 1085823 V1

- 7 -

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

contrast, the Reservations.com website on November 29, 2018, listed "Tax Recovery Charges & Fees" of a whopping *$60.35* for a $179 room on the same night at the same W Seattle hotel.

38.     Expedia's leading competitor, Booking.com, also charges substantially less in taxes than the "Tax Recovery Charges & Fees" quoted on Reservations.com.  For example, the Booking.com website on December 4, 2018, listed charges totaling $22.92 for "Tax" and "City tax" on a $134 room at Mayflower Park Hotel in Seattle for the night of December 17, 2018.  In contrast, the Reservations.com website listed "Tax Recovery Charges & Fees" of $28.79 for a $134.10 room on the same night at the same Mayflower Park Hotel.

39.     Contrary to the representations now made to consumers, or made at any time during the Class Period, the amount charged by Expedia on Reservations.com bookings as "Tax Recovery Charges & Fees," "Taxes & Fees," or "Taxes," is significantly more than the sum actually owed to the government for "applicable taxes, government fees, and other charges that the hotels must pay to the government."  On information and belief, Expedia pockets the tax overcharge as additional profit (above and beyond the "markup" it already makes on the room price).

40.     Expedia and its subsidiaries have at all relevant times engaged and continue to engage in a scheme to unlawfully collect overcharges of taxes and fees through the use of online travel agents, including, but not limited to, Reservations.com.  On information and belief, Reservations.com has, at all times relevant hereto and continuing through the present, been a knowing and willing participant in this scheme with Expedia and its subsidiaries.

41.     Expedia well knows the correct amount of taxes and fees owed to the appropriate government(s) in each jurisdiction.

42.     In a series of cases, state and local taxing authorities have challenged Expedia's practice in remitting taxes *only* on the wholesale rate paid by Expedia for the rooms it books and *not* on the full retail room rate that consumers pay Expedia.

43.     While Expedia has won in some jurisdictions (where the courts found that Expedia properly remitted taxes on the wholesale rate only) and lost in others (where the courts found that Expedia must remit taxes on the full retail room rate), it is abundantly clear from the

CLASS ACTION COMPLAINT                          - 8 -
Case No. 18-cv-01812
010787-11 1085823 V1

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    cases that Expedia has at all relevant times been keenly aware of the precise amount of taxes that
2    it collects on the one hand and remits on the other.

3          44.     Largely as the result of the hotel tax litigation, in a minority of U.S. jurisdictions
4    Expedia now remits taxes on the full retail room rate.

5          45.     Regardless of whether Expedia remits taxes on the full room rate or only on the
6    wholesale rate it pays for the rooms used by Reservations.com's customers, the "Taxes & Fees"
7    line item *always* includes a tax overcharge because the amount is *always* higher than the taxes
8    remitted on the hotel rooms.

9    **B.     Plaintiff's experience**

10         46.     Plaintiff used the Reservations.com website on June 4, 2017, to book a room for a
11   family vacation.  Plaintiff booked a room with two queen beds at the Hyatt Regency Orlando for
12   two nights with a check-in date of Monday, June 5, 2017, and a check-out date of Wednesday,
13   June 7, 2017.

14         47.     Plaintiff paid $14.99 for the Service Fee, $518.30 for "Room, 2 Queen Beds,
15   Accessible, Bathtub," and $108.68 for "Tax & Fees."

16         48.     On information and belief, the total applicable taxes, government fees, and other
17   charges that must be paid to the government for Plaintiff's reservation totaled $69.97 (13.5%)
18   and, therefore, Plaintiff was overcharged approximately $38.71.

19         49.     Reservations.com charged Plaintiff's credit card the $14.99 Service Fee on June
20   4, 2017.  This charge was attributed to "WWW.RESERVATIONS.COM WWW.RESERVATI
21   FL" on Plaintiff's credit card statement.

22         50.     The same day, Expedia separately charged Plaintiff's credit card $626.98 for the
23   "Room" charge and the "Tax & Fees."  Plaintiff's credit card statement attributed this charge to
24   "HOTEL*RESERVATIONS.COM 877-903-0071 WA."

25         51.     According to Hotels.com's website, the phone number provided in the transaction
26   line of the credit card statement is answered by Hotels.com's customer service representatives.
27   On information and belief, the "WA" refers to Washington, where Expedia's headquarters is
28   located.

CLASS ACTION COMPLAINT                              - 9 -
Case No. 18-cv-01812
010787-11 1085823 V1

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

52. To summarize, Plaintiff paid a total of $641.97 for this reservation. On information and belief, Plaintiff's payment was divided as follows:

- $14.99 Service Fee paid to Reservations.com
- $518.30 Room charge divided between Hyatt and Defendants
- Maximum of $69.97 taxes paid by Expedia to appropriate government(s)
- Minimum of $38.71 illegally retained by Expedia as extra revenue

53. On information and belief, a similar overcharge for taxes and fees is applied to every reservation booked through Reservations.com that uses Expedia's room inventory, and Expedia is illegally retaining millions of dollars in overcharges annually as a result.

**C.    The Tax Overcharge practice occurs throughout the United States.**

54. Testing based on information on the Reservations.com website reveals that the tax overcharge practice is widespread.

55. Here are screenshots of typical pages from the Reservations.com website:





**KIMPTON HOTEL VINTAGE SEATTLE**

| | |
|---|---|
| Check In: | Fri, Nov 16, 2018 |
| Check Out: | Sat, Nov 17, 2018 |
| Rooms: | 1 |
| Adults: | 1 |
| Kids: | 0 |

**RATES FOR**

| | |
|---|---|
| Fri, Nov 16 | $179.00 |
| 1 Rooms: | $179.00 |
| Tax Recovery Charges & Fees | $36.38 |
| Service Fee | $14.99 |
| TOTAL: | $230.37 |

56.     The correct "Tax Recovery Charges & Fees" should have been:

| | Listed | Lawful |
|---|---|---|
| Renaissance | $63.80 | $29.84 + $2.00 |
| Kimpton | $36.38 | $28.64 + $2.00 |

57.     For a reservation of a $229.00 room at the Atlanta Ritz Carlton on December 7, 2018, the Reservations.com website listed "Tax Recovery Charges & Fees" of $60.89. The actual amount should be no more than $43.

58.     For a reservation of a $179.00 room at the Chicago Marriott Oak Brook on December 17, 2018, the Reservations.com website listed "Tax Recovery Charges & Fees" of $47.45. The actual amount should be no more than $31.12.

59.     For a reservation of a $451 room at the Westin New York at Times Square on December 17, 2018, the Reservations.com website listed "Tax Recovery Charges & Fees" of $110.87. The actual tax rate is 14.75% plus $3.50 per day, so the actual amount should be no more than $70.50

CLASS ACTION COMPLAINT
Case No. 18-cv-01812
010787-11 1085823 V1

- 11 -

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

60.     For a reservation of a $400 room at the Mandarin hotel in Miami on December 17, 2018, the Reservations.com website listed "Tax Recovery Charges & Fees" of $73.68.  The actual amount should be no more than $52.

61.     For each of the rooms described above, Reservations.com charged a $14.99 per room "Service Fee."  Therefore, the difference between the charged "Tax Recovery Charges & Fees" and the actual taxes and fees cannot reasonably be understood to be for "services."

## V.     CLASS ALLEGATIONS

62.     Plaintiff brings this class action on behalf of himself and all other similarly situated Class members under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and seeks to certify the following nationwide class:

> All individuals and entities who booked and purchased a pre-paid hotel room reservation using the Reservations.com website or call center where the room inventory was supplied by Expedia or an Expedia subsidiary from January 1, 2014, through the present.

Excluded from the Class are Defendants and their past and present officers, employees, agents, or affiliates; the judge, magistrate, and any special master to whom this case is assigned, and any member of their immediate families; and any attorneys who enter their appearance in this action.

63.     Plaintiff reserves the right to expand, limit, modify, or amend this Class definition, including through the addition of one or more subclasses, in connection with the motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

64.     <u>Numerosity</u>.  According to the Reservations.com website, Reservations.com has booked four million room nights for two million customers, and, on information and belief, a substantial portion of these room nights came from Expedia's inventory.  Accordingly, the Class described above is so numerous that joinder of all members is impracticable.  The disposition of the individual claims of the respective Class members will benefit the parties and the Court and will facilitate judicial economy.

65.     <u>Ascertainability</u>.  The Class members are ascertainable through records kept by Defendants and Reservations.com.  Plaintiff and Class members were required to input their



personal and financial information into the Reservations.com website, and Expedia has billed each Class member's credit card.

66.   <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the members of the Class.  The claims of each Class member arise from the same course of conduct: Defendants' illegal scheme to over-charge for taxes and fees while retaining the overcharge.  The claims of Plaintiff and Class members are based on the same legal theories and arise from the same unlawful conduct.

67.   <u>Existence and Predominance of Common Questions of Law and Fact</u>.  This action involves common questions of law and fact that predominate over any questions affecting individual Class members.  These common questions include, but are not limited to, the following:

a.   Whether Defendants charge and collect from Plaintiff and Class members "Taxes & Fees" in excess of the taxes and fees owed to the appropriate governments for reservation transactions;

b.   Whether Defendants knew or should have known the correct amount of "Taxes & Fees" to be collected from Plaintiff and Class members for remittance to the appropriate governmental authorities in connection with room reservation transactions;

c.   Whether Defendants owed duties to Plaintiff and the Class members, the scope of those duties, and whether Defendants breached those duties;

d.   Whether Defendants' conduct violates RICO and the other laws alleged herein;

e.   Whether there is an Enterprise;

f.   Whether Defendants participated in the Enterprise;

g.   Whether Plaintiff and the other Class members are entitled to damages and other monetary relief and, if so, in what amount.

68.   <u>Adequacy of Representation</u>.  Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the other Class members, and

CLASS ACTION COMPLAINT
Case No. 18-cv-01812
010787-11 1085823 V1

- 13 -

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Plaintiff has no interest antagonistic to the interests of the other Class members. Plaintiff has retained counsel who are competent and experienced in class action litigation and who possess specific expertise in consumer class actions.

69. <u>Superiority</u>. The nature of this action and the nature of laws available to Plaintiff and the Class make the use of a class action a particularly efficient and appropriate procedure to afford relief for Plaintiff and the Class for the wrongs alleged. The damages or other financial detriment suffered individually by Plaintiff and each Class member is modest compared to the burden and expense that individual litigation of their claims against Defendants would entail. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent class action litigation, Class members would not likely recover damages, or would not likely have the chance to recover damages, and Defendants would be permitted to retain the ill-gotten proceeds of their fraudulent and deceptive misdeeds.

70. <u>General Applicability</u>. Defendants' conduct in charging and collecting amounts as "Taxes & Fees" on hotel bookings in amounts exceeding the actual applicable taxes and fees is generally applicable to the Class as a whole, making certification appropriate.

## COUNT I

### VIOLATION OF 18 U.S.C. § 1962(C)–(D): THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO")

71. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

72. Plaintiff brings this Count on behalf of the Class against Defendants Expedia, EAN, Travelscape, and Hotels.com.

73. The Defendants are "persons" under 18 U.S.C. § 1961(3) because they are capable of holding, and do hold, a "legal or beneficial interest in property."

74. Expedia, EAN, Travelscape, and Hotels.com, along with other entities and individuals, including Reservations.com, were associated with, and conducted or participated in

CLASS ACTION COMPLAINT
Case No. 18-cv-01812
010787-11 1085823 V1

- 14 -

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

the affairs of, a RICO enterprise (the "Tax Fraud Enterprise"), whose purpose was to deceive consumers into believing they were paying a legitimate "Taxes & Fees" charge.

### 1. The Tax Fraud Enterprise

75.     At all relevant times, Expedia, EAN, Travelscape, and Hotels.com, along with Reservations.com ("RICO Members" or "Enterprise Members") and other individuals and entities, including unknown third parties involved in the collection of tax and fee charges from consumers, operated an association-in-fact enterprise engaged in interstate and foreign commerce, which was formed for the purpose of obtaining money from consumers for inflated "Taxes & Fees" payments, through which they conducted a pattern of racketeering activity under 18 U.S.C. § 1961(4).

76.     Alternatively, non-Defendant Reservations.com constitutes a single legal entity "enterprise" within the meaning of 18 U.S.C. § 1961(4), through which the Defendants conducted their pattern of racketeering activity in the U.S.

77.     Expedia is a leading online travel company that provides hotel, air, car, and cruise reservations worldwide through a variety of in-house brands and third-party channels.  As relevant here, through its subsidiaries, Expedia enters into "merchant model" contracts with hotels enabling it to offer room reservations at hundreds of thousands of hotels world-wide.

78.     Merchant-model contracts with hotels give Expedia the right to sell room reservations at a retail rate generally set by Expedia.  Expedia pays the hotels a wholesale (or "net") rate, and then typically remits taxes on that net rate to the hotels (or, in a few jurisdictions, directly to the government) after the hotel stay is complete.  Expedia profits from the markup on the room, and a "service fee" that it charges consumers as part of the bundled "Taxes & Fees" it charges on its own websites (including, among others, expedia.com, hotels.com, orbitz.com, and travelocity.com).

79.     EAN is a subsidiary of Expedia that operates as Expedia Affiliate Network, and is described in Expedia's 2017 10-K as "a global business-to-business ("B2B") brand that powers the hotel business of hundreds of leading airlines, travel agencies, loyalty and corporate travel companies plus several top consumer brands through its API and template solutions."  EAN



contracts with third-party travel companies, including Reservations.com, to provide the third parties with hotel room inventory obtained through separate agreements between Expedia and the hotels. The third-party company (here, Reservations.com) hosts the website, does its own marketing of its services, and earns a commission on the transaction (here, in the form of a $14.99 "Service Charge" per room per night).

80.     Travelscape is an Expedia subsidiary that does business as Expedia Travel. Travelscape contracts with hotel properties for room inventory at wholesale prices; on information and belief, that inventory is offered to consumers through multiple channels, including Expedia websites (such as expedia.com and hotels.com), as well as third-party websites such as Reservations.com.  Travelscape administers payments for reservations made through third-party hotel reservation suppliers that contract with EAN, including Reservations.com.

81.     Hotels.com is another Expedia subsidiary.  In addition to offering hotel reservations and other travel products on its own website, on information and belief it also provides room inventory to Reservations.com and/or collects charges from consumers on Reservations.com bookings, as evidenced by the fact that a Hotels.com phone number was listed on Plaintiff's credit card bill for a Reservations.com booking.

82.     At all relevant times, the Tax Fraud Enterprise: (a) had an existence separate and distinct from each Defendant; (b) was separate and distinct from the pattern of racketeering in which the RICO Members engaged; and (c) was an ongoing organization consisting of legal entities, including Expedia, EAN, Travelscape, Hotels.com, and Reservations.com, and other entities and individuals associated for the common purpose of obtaining tax overpayment from consumers.  Each member of the Tax Fraud Enterprise shared in the bounty generated by the enterprise—*i.e.*, they shared the benefits derived from increased sales revenue generated by the scheme to defraud consumers.

83.     The Tax Fraud Enterprise functioned by selling hotel room reservations to the consuming public.  The hotel room bookings are legitimate transactions.  However, Expedia and its co-conspirators, through their illegal Tax Fraud Enterprise, engaged in a pattern of



1    racketeering activity, which involves a fraudulent scheme to increase revenue for Expedia and

2    the other entities and individuals associated-in-fact with the Enterprise's activities through the

3    illegal scheme to collect tax overpayments.

4            84.      The Tax Fraud Enterprise engaged in, and its activities affected, interstate and

5    foreign commerce, because it involved commercial activities across state boundaries, including

6    the marketing, promotion, advertisement, and sale of hotel room reservations throughout the

7    country, and the receipt of monies from the hotel bookings.

8            85.      Within the Tax Fraud Enterprise, there was a common communication network by

9    which co-conspirators shared information on a regular basis. The Tax Fraud Enterprise used this

10    common communication network for the purpose of marketing and selling hotel rooms to the

11    public nationwide.

12            86.      Each participant in the Tax Fraud Enterprise had a systematic linkage to each

13    other through corporate ties, contractual relationships, financial ties, and continuing coordination

14    of activities. Through the Tax Fraud Enterprise, Expedia, EAN, Travelscape, Hotels.com and

15    Reservations.com functioned as a continuing unit with the purpose of furthering the illegal

16    scheme and their common purposes of increasing their revenues and market share.

17            87.      Expedia, EAN, Travelscape, Hotels.com, and Reservations.com participated in

18    the operation and management of the Tax Fraud Enterprise by directing its affairs, as described

19    herein. While Expedia, EAN, Travelscape, Hotels.com, and Reservations.com participated in,

20    and are members of, the enterprise, they have a separate existence from the enterprise, including

21    distinct legal statuses, different offices and roles, bank accounts, officers, directors, employees,

22    individual personhood, reporting requirements, and financial statements.

23            88.      As detailed above, each member of the Tax Fraud Enterprise promoted and

24    helped create a market for Reservations.com's room reservations. Given their experience in the

25    hotel reservation business each member of the enterprise knew that the amount being collected

26    for "taxes" or "taxes and fees" was not in fact the actual tax and fees owed. Reservations.com

27    agreed or acquiesced in this scheme because it needed Expedia's resources to sell hotel rooms.

28    Expedia implemented and directed the scheme to rip off consumers and retain additional profits.

HB HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

89.     The enterprise functioned by selling hotel room reservations to the public. Expedia, EAN, Travelscape, and Hotels.com engaged in a pattern of racketeering activity through their scheme to sell hotel room reservations in interstate and foreign commerce, and to increase revenue and profits.  The enterprise involved commercial activities across state boundaries, such as the marketing, promotion, advertisement, and sale of hotel room reservations throughout the country, and the receipt of monies from those sales.

90.     Expedia, EAN, Travelscape, Hotels.com, and Reservations.com worked closely together to further the enterprise, by and among the following manner and means:

     a.     Jointly planning to sell hotel rooms and collect tax overpayments while representing that the "Taxes & Fees" were going to governmental entities;

     b.     Misrepresenting and omitting the real "Taxes & Fees" actually owed on the rooms (or causing such misrepresentations and omissions to be made);

     c.     Selling hotel room reservations throughout the United States with fraudulently inflated  "Taxes & Fees" charges added-on;

     d.     Concealing the true amounts of taxes and fees collected by the government;

     e.     Coordinating representations made on the Reservations.com website;

     f.     Misleading the public about the amount of "Taxes & Fees" actually owed for a hotel room; and

     g.     Otherwise misrepresenting or concealing the true nature of the taxes and fees owed to the government and collected from the public.

**2.     Mail and Wire Fraud**

91.     To carry out, and attempt to carry out, the scheme to defraud, Expedia, EAN, Travelscape, and Reservations.com, each of whom is a person associated in fact with the Tax Fraud Enterprise, did knowingly conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c), and which employed the use of the mail and wire facilities, in violation of 18 U.S.C. §§ 1341 (mail fraud) & 1343 (wire fraud).

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

92.     Specifically, the RICO Members have committed, conspired to commit, and/or aided and abetted in the commission of, at least two predicate acts of racketeering activity (*i.e.*, violations of 18 U.S.C. §§ 1341 & 1343), within the past ten years.  The multiple acts of racketeering activity which the RICO Members committed, or aided or abetted in the commission of, were related to each other, posed a threat of continued racketeering activity, and therefore constitute a "pattern of racketeering activity." The racketeering activity was made possible by the RICO Members' regular use of the facilities, services, distribution channels, and employees of the enterprise.  The RICO Members participated in the scheme to defraud by using mail, telephone, and the Internet to transmit mailings and wires in interstate or foreign commerce.

93.     In devising and executing the illegal scheme, the RICO Members devised and knowingly carried out a material scheme and/or artifice to defraud Plaintiff and the Class or to obtain money from Plaintiff and the Class by means of materially false or fraudulent pretenses, representations, promises, or omissions of material facts.  For the purpose of executing the illegal scheme, the RICO Members committed these racketeering acts intentionally and knowingly with the specific intent to advance the illegal scheme.

94.     The RICO Members' predicate acts of racketeering, 18 U.S.C. § 1961(1), include but are not limited to:

a.     **Mail Fraud**: The RICO Members violated 18 U.S.C. § 1341 by sending and receiving, and by causing to be sent and/or received, materials via U.S. Mail or commercial interstate carriers for the purpose of executing the unlawful scheme to design, manufacture, market, and sell hotel room reservations by means of false pretenses, misrepresentations, promises, and omissions.

b.     **Wire Fraud**: The RICO Members violated 18 U.S.C. § 1343 by transmitting and/or receiving, and by causing to be transmitted and/or received, materials by wire for the purpose of executing the unlawful scheme to defraud and obtain money on false pretenses, misrepresentations, promises, and omissions.

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

95.     The RICO Members' use of the mails and wires includes, but is not limited to, the transmission, delivery, and shipment of the following by the RICO Members or third parties that were foreseeably caused to be sent as a result of the illegal tax overcharge scheme:

      a.     False or misleading communications to the public;

      b.     Sales and marketing materials which misrepresented, and concealed the true nature of the "Taxes & Fees" owed and collected;

      c.     Documents intended to facilitate the sale of hotel reservations, including invoices, reports, and correspondence;

      d.     Documents to process and receive payment for the hotel rooms by unsuspecting Class members, including invoices and receipts;

      e.     Payments and/or collections of "Taxes & Fees" by Expedia;

      f.     Deposits of proceeds.

96.     The RICO Members also used the Internet and other electronic facilities to carry out the scheme and conceal the ongoing fraudulent activities.  Specifically, the RICO Members made misrepresentations about hotel reservation charges on websites and through ads online, all of which were intended to mislead the public about the taxes and fees owed and collected.

97.     The RICO Members also communicated by U.S. Mail, by interstate facsimile, and by interstate electronic mail with various other divisions of Expedia, Inc., and other third-party entities in furtherance of the scheme.

98.     The mail and wire transmissions described herein were made in furtherance of the RICO Members' scheme and common course of conduct to deceive consumers and lure consumers into purchasing hotel reservations which included charges for "Taxes & Fees" that greatly exceed the amounts actually owed to governmental entities as taxes and fees, a fact which RICO Members knew or recklessly disregarded.

99.     Many of the precise dates of the fraudulent uses of the U.S. Mail and interstate wire facilities are hidden to the Plaintiff, and cannot be alleged without access to Defendants' books and records.  However, Plaintiff has described the types of predicate acts of mail and/or wire fraud that occurred.



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

100.    The RICO Members have not undertaken the practices described herein in isolation, but as part of a common scheme and conspiracy.  In violation of 18 U.S.C. § 1962(d), the RICO Members conspired to violate 18 U.S.C. § 1962(c), as described herein.  Various other persons, firms, and corporations, including third-party entities and individuals not named as defendants in this complaint, have participated as co-conspirators with the RICO Members in these offenses and have performed acts in furtherance of the conspiracy to increase or maintain revenues, and increase market share for the Defendants through the illegal scheme and common course of conduct.

101.    The RICO Members aided and abetted others in the violations of the above laws, thereby rendering them indictable as principals in the 18 U.S.C. §§ 1341 & 1343 offenses.

102.    To achieve their common goals, the RICO Members hid from the public the true taxes and fees owed to the government and collected from the public.

103.    As fully alleged herein, Plaintiff, along with hundreds of thousands of other consumers, relied upon representations and omissions that were made or caused by Expedia, EAN, Travelscape, and/or Hotels.com.  Plaintiff's reliance on omitted facts is made obvious by the fact that he paid "Taxes & Fees" that were not actually owed to any governmental authority.

104.    As described herein, the RICO Members engaged in a pattern of related and continuous predicate acts for years.  The predicate acts constituted a variety of unlawful activities, each conducted with the common purpose of obtaining significant monies and revenues from Plaintiff and Class members based on misrepresentations and omissions, while providing hotel rooms with inflated tax charges.  The predicate acts also had the same or similar results, participants, victims, and methods of commission.  The predicate acts were related and not isolated events.

105.    The predicate acts all had the purpose of generating significant revenue and profits for the RICO Members at the expense of Plaintiff and Class members.  The predicate acts were committed or caused to be committed by the RICO Members through their participation in the enterprise and in furtherance of their fraudulent scheme, and were interrelated in that they

CLASS ACTION COMPLAINT
Case No. 18-cv-01812
010787-11 1085823 V1

- 21 -

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  involved obtaining Plaintiff's and Class members' funds and concealing the true taxes and fees

2  owed and pocketing the difference.

3      106.    By reason of and as a result of the conduct of the RICO Members, and in

4  particular its pattern of racketeering activity, Plaintiff and the Class have been injured in multiple

5  ways, including but not limited to:

6          a.    Plaintiff and the Class have overpaid the true taxes and fees owed.

7          b.    Plaintiff and the Class have been wrongfully deprived of their property in

8  that the quoted hotel room prices were artificially inflated by deliberate acts of false statements,

9  omissions, and concealment, and by the RICO Members' acts of racketeering.

10     107.    The RICO Members' violations of 18 U.S.C. § 1962(c) & (d) have directly and

11  proximately caused injuries and damages to Plaintiff and Class members, and Plaintiff and Class

12  members are entitled to bring this action for three times their actual damages, as well as

13  injunctive/equitable relief, costs, and reasonable attorneys' fees pursuant to 18 U.S.C. § 1964(c).

14                              **COUNT II**

15                   **(CONVERSION AND MISAPPROPRIATION)**

16     108.    The allegations contained in the previous paragraphs are incorporated by

17  reference.

18     109.    Plaintiff brings this claim under the laws of all states.

19     110.    Defendants have no authority to charge and collect "Taxes & Fees" amounts in

20  excess of the taxes and fees owed to the appropriate governmental authorities for each

21  reservation transaction; they are certainly not entitled to retain the overcharges as extra revenue.

22     111.    Defendants' collection of overcharged "Taxes & Fees" constitutes a conversion

23  and misappropriation of funds belonging to Plaintiff and the Class members.

24     112.    On information and belief, the conversion and misappropriation of these funds is

25  illegal, unjustified, intentional, and deliberate.  Defendants' conduct is, at a minimum, indicative

26  of wanton and reckless neglect.

27     113.    Accordingly, Plaintiff and Class members are entitled to actual damages as

28  determined by a jury at trial.

CLASS ACTION COMPLAINT                         - 22 -
Case No. 18-cv-01812
010787-11 1085823 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## COUNT III

### (UNJUST ENRICHMENT)

114.    The allegations contained in the previous paragraphs are incorporated by reference.

115.    Plaintiff pleads this claim in the alternative, in the event the Court finds that he cannot obtain a remedy at law.

116.    Plaintiff brings this claim under the laws of all states.

117.    By overcharging Plaintiff and Class members for "Taxes & Fees" in the manner described above, Defendants received funds to which it they have no legal right.

118.    To the extent Defendants retained, improperly distributed, or otherwise benefitted from collecting these funds, Defendants have been unjustly enriched at the expense of Plaintiff and Class members.

119.    Because the overcharged amount rightfully belongs to Plaintiff and Class members, retention of these funds by Defendants is inequitable.

120.    There is no adequate remedy at law.

121.    Therefore, equity and fairness demand that Defendants return the unlawfully collected funds to Plaintiff and the Class members.

## COUNT IV

### (CONSTRUCTIVE TRUST)

122.    The allegations contained in the previous paragraphs are incorporated by reference.

123.    Plaintiff pleads this claim in the alternative, in the event the Court finds that he cannot obtain a remedy at law.

124.    Plaintiff brings this claim under the laws of all states.

125.    Due to accident, mistake of fact, or fraud, a material portion of the "Taxes & Fees" Defendant charged and collected from Plaintiff and Class members was in excess of any monies due to any government as a result of the reservation.  Upon information and belief,


HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  Defendants remitted the correct amount of taxes and fees to the hotels or appropriate

2  governmental authorities and retained the overcharge as extra revenue.

3       126.    As such, it would be inequitable to allow Defendants to retain any "Taxes &

4  Fees" collected in excess of the amount remitted to the appropriate governmental authority for

5  any reservation transaction.

6       127.    There is no adequate remedy at law.

7       128.    Equity and justice therefore demand the surplus collected by Defendants be

8  placed in a constructive trust for the benefit of Plaintiff and Class members.

9                              **REQUEST FOR RELIEF**

10      WHEREFORE, Plaintiff, on behalf of himself and the other members of the Class,

11 requests that this Court award relief against Defendants as follows:

12           A.    An order certifying the class and designating Plaintiff as the Class

13 Representative and his below counsel as Class Counsel;

14           B.    Awarding Plaintiff and the class members actual and treble damages as

15 alleged herein;

16           C.    Awarding attorneys' fees and costs; and

17           D.    For such other and further relief as the Court may deem necessary or

18 appropriate.

19                                  **JURY DEMAND**

20      Plaintiff demands a trial by jury on all issues so triable.

21

22 DATED: December 17, 2018.              Respectfully submitted by,

23                                        HAGENS BERMAN SOBOL SHAPIRO LLP

24                                        By:  _____/s/ Steve W. Berman_____
                                              Steve W. Berman, WSBA# 12536

25                                        Andrew Volk, WSBA# 27639
                                          1301 Second Avenue, Suite 2000

26                                        Seattle, Washington  98101
                                          Telephone: (206) 623-7292

27                                        Facsimile: (206) 623-0594
                                          Email: steve@hbsslaw.com

28                                        Email: andrew@hbsslaw.com



James L. Ward, Jr.
Ranee Saunders
MCGOWAN, HOOD & FELDER, LLC
321 Wingo Way, Suite 103
Mt. Pleasant, SC 29464
Telephone: (843) 388-7202
Facsimile: (843) 388-3194
Email: jward@mcgowanhood.com
Email: rsaunders@mcgowanhood.com

Ian W. Freeman
John P. Linton, Jr.
WALKER, GRESSETTE, FREEMAN & LINTON, LLC
66 Hasell Street
Charleston, SC  29401
Telephone: (843) 727-2200
Facsimile: (843) 727-2238
Email: freeman@wgfllaw.com
Email: linton@wgfllaw.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT
Case No. 18-cv-01812
010787-11 1085823 V1

- 25 -

